187 N.J. Super. 44 (1982)
453 A.2d 567
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VICTOR ORTIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 19, 1982.
Decided November 12, 1982.
*46 Before Judges FRITZ, JOELSON and PETRELLA.
Joseph H. Rodriguez, Public Defender, attorney for defendant-appellant (Sherri Woliver, Assistant Deputy Public Defender, of counsel and on the letter brief).
Irwin I. Kimmelman, Attorney General of New Jersey, for plaintiff-respondent (Katherine A. Smith, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
Defendant was named with others in a four-count indictment charging conspiracy to commit a robbery (N.J.S.A. 2C:5-2; N.J.S.A. 2C:15-1), robbery "while armed with or threatening the immediate use of a deadly weapon, to wit: a gun and/or a knife and/or club" (N.J.S.A. 2C:15-1), aggravated assault (N.J.S.A. 2C:12-1 b(1) and (2)), and a second aggravated assault, respectively. Following plea negotiations and in accordance therewith, defendant entered a retraxit plea of guilty to the count charging armed robbery. The only undertaking assumed by the State on these negotiations was to recommend at the time of sentencing that the remaining counts of the indictment be dismissed with respect to defendant.
In compliance with the mandate of R. 3:9-2 the trial judge made extensive inquiry of defendant personally to determine that there was in fact a factual basis for the plea of guilty to armed robbery. He was satisfied that such a basis existed. It is reasonable to infer from the record, and it is not seriously contested here, that in the course of this robbery one of the coparticipants had what was at least a "fake gun" and that he struck the victim with it. Defendant also related that another of the participants "was hitting him [the victim] with the bat, the club he had."
*47 We observe at the outset that, leaving aside the fact here that there was a plea to armed robbery, we are satisfied that the violence committed with the gun, albeit a fake gun, serves to distinguish State v. Butler, 89 N.J. 220 (1982).[1]Butler clearly held that a toy gun was not included in the definition of "deadly weapon" found in N.J.S.A. 2C:11-1 c, a pronouncement by which we are bound. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961); In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 261 (App.Div. 1971), certif. den. 60 N.J. 198 (1972). But beyond the fact that there was in the instant matter a beating with a club, we observe that the Butler pronouncement was in the context of an empty threat, and was related to the fact that "first degree robbery requires a threat with a deadly weapon." Id. at 229. Nonetheless, N.J.S.A. 2C:15-1 b also defines first degree robbery in terms of a purposeful intent to inflict serious bodily injury irrespective, we believe, of whether the weapon used in that effort is a real gun, a fake gun or a piece of pipe. The matter would have been clearer had the trial judge defined the offense in terms of first degree robbery rather than by a wholly understandable reliance on an ancient word of art. It would be a travesty, in our judgment, if first degree robbery could be downgraded to second degree because a gun used as a club was not a real gun and at the entry of a guilty plea court and counsel succumbed to long-standing tradition and referred to the offense as an "armed robbery."[2] The fact of the crime is clearly that there was the infliction of or attempt to inflict serious bodily injury. The legislative will expressed in N.J.S.A. 2C:15-1 b can hardly be said to be frustrated if that is treated as a first degree robbery.
*48 The trial judge sentenced defendant to the custody of the Commissioner of Institutions for a period of 15 years and set a minimum parole date of five years in addition to assessing a penalty of $500 payable to the Violent Crimes Compensation Board. The remaining counts of the indictment were dismissed insofar as defendant was concerned, in accordance with the negotiated plea.
Among other issues raised, defendant urges that his sentence should be reduced by virtue of that which he characterizes as a "proper evaluation of mitigating factors." While we have some difficulty with the sentence for reasons which will appear, the quantum of the sentence is not one of those difficulties. As conceded by defendant's brief, "the offense was a planned and violent armed robbery." Our consideration of the full record reveals no reason at all why defendant should have received, as he argues in his brief, a sentence "lower than the presumptive term for a first degree offense." Were this all there was to it, we could not be persuaded to interfere with the sentence. As appears to have been the situation in State v. Butler, supra, the crime involved was quite serious and that fact, coupled with the related plea bargaining arrangement, fully justified a severe sentence. 89 N.J. at 232.
But, as defendant argues, it would appear that the sentencing judge felt compelled by the mandate of N.J.S.A. 2C:43-6 c (a subsection of that which has been commonly referred to and to which we hereafter refer to as the Graves Act)[3] to impose a mandatory minimum sentence. In this respect he said:
It was a definite armed robbery. They knew which man had the money. They ganged up on him. There was a club that was used. Mr. Ortiz I think had a knife. He said he didn't open the knife but he had a knife with him and there was a revolver of some sort used. There is an intimation that maybe it wasn't a real revolver. That makes very little difference to the victim, whom I'm sure thought it was a real revolver.

*49 In any event, it was a real armed robbery, no ifs ands and buts. Since it occurred after the effective date of the amendment to the statutory punishment for armed robbery, the question is only whether he has to get a custodial sentence or not. Obviously in my judgment he has to get a custodial sentence.
It is a third degree crime.[[4]] The term may be anywhere between ten years and 20 years in the New Jersey State Prison. Presumptive sentence is 15 years and he's entitled to the presumptive sentence.
The problem that he has, as I pointed out in the beginning, is that now it's mandatory that there be a minimum parole date set on the charge. That minimum mandatory parole date can be anywhere between one third of the sentence to one hald [sic] of the sentence with the least possible time of three years, but it's either one third or three years, whichever is greater.
There are, in our judgment, two things wrong with this. First, if it is a fact that the "firearm" thought to bring the situation within the purview of the Graves Act was a fake gun or a toy gun or, as a matter of fact, was not a weapon "from which may be fired or ejected any solid projectible ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances," N.J.S.A. 2C:39-1 f, then the mandatory minimum sentencing of the Graves Act is not applicable. That act limits its application to instances of the use or possession of a firearm as defined in N.J.S.A. 2C:39-1 f. It is clear that the Graves Act does not apply to all armed robberies. All that is essential for robbery to constitute a crime of the first degree, i.e., an armed robbery, is the use of a deadly weapon. N.J.S.A. 2C:15-1 b. A deadly weapon may be any weapon, including but not limited to a firearm, which "in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury or which in the manner it is fashioned would lead the victim reasonably to believe it to be capable of producing death or serious bodily injury." N.J.S.A. 2C:11-1 c. The foregoing appears from the plain and wholly unambiguous language of the Legislature. From this we conclude that a fake gun or a toy *50 gun may well be used in a manner capable of producing death or serious bodily injury, as indeed it apparently was here, but cannot be characterized as a "firearm" within the definition of N.J.S.A. 2C:39-1 f nor justify the application of the Graves Act. Cf. State v. Butler, supra.
Even were this not so, as defendant also correctly argues, the Graves Act absolutely mandates the establishment of the ground for its application at a hearing before the imposition of a mandatory sentence. N.J.S.A. 2C:43-6 d. While there was inquiry made here respecting the presence of weapons of one sort and another, it is apparent that there was not the type of a hearing required by subsection d. At this point we note in passing that the State also is entitled to such a hearing in order to demonstrate the possession or use of a firearm. The trial judge need not, and should not, simply accept defendant's version of the nature of any weapon present unless it is clear or conceded that there is no proof to the contrary.
As appears from the foregoing, we agree entirely with the trial judge that the record supports a determination that a first degree robbery was committed. It is also clear that the sentence imposed was within the statutory perimeters and in accordance with the plea bargain. No reason appears for us to reject this sentence except the concern of defendant, which we share, that the trial judge imposed this sentence not as a matter of his own discretion but because he believed that such a sentence was mandated. In this same respect, before us defendant suggests that the failure of the judge to sentence to the Youth Correctional Institution resulted from this same mistaken notion. The record is not so clear in this respect. It cannot be said that the possibility does not exist.
Accordingly, in the interest of justice, we vacate the sentence and remand for resentencing. At the time of resentencing the judge shall consider whether, on this record, a Graves Act hearing should or need be held.
Sentence vacated; matter remanded. We do not retain jurisdiction.
NOTES
[1] The Butler issue was not raised below nor was it raised in the briefs before us. But the filing of defendant's brief preceded the opinion in Butler. An excess of caution and an interest in assuring defendant, counsel and ourselves of our concern for justice prompts our observations on the matter.
[2] We do not imply that some other use of a toy gun would not presently constitute first degree robbery in light of L. 1981, c. 384, § 1, effective January 4, 1982.
[3] L. 1981, c. 31.
[4] Obviously this is an inadvertent misstatement. The trial judge meant first degree. He corrected the statement at the conclusion of the sentencing.